UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY JOHN GOOD, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br>v.<br>RONALD J. DE LANGE et al.,<br>    Defendants. | Civil No. 11cv2826 JAH (BGS)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO STAY STATE COURT DISCOVERY** [DOC. # 6] |

## INTRODUCTION

Currently pending before this Court is the motion to stay state court proceedings filed by defendants Ronald J. De Lange, Hubert de Pesquidoux, Ronald W. Buckly, Anthony Colaluca, Jr., Thomas J. Coleman, Jean-Yves Courtois, Carol G. Mills, Michael P. Ressner, and Tekelec (collectively "the Tekelec defendants"). The motion has been fully briefed by the parties. After a review of the pleadings and relevant exhibits submitted, and for the reasons set forth below, this Court GRANTS the Tekelec defendants' motion.

## BACKGROUND

On December 2, 2011, plaintiff Roy John Good ("plaintiff") filed a class action complaint against the Tekelec defendants and against defendants Siris Capital Group, LLC; Titan Private Holdings I, LLC; and Titan Private Acquisition Corp. (collectively "the Buyer defendants"). The instant complaint asserts causes of action for (1) breach of

fiduciary duties, (2) aiding and abetting the breach of fiduciary duties, and (3) violation of Section 14(a) of the Securities Exchange Act.  Plaintiff seeks declaratory and injunctive relief, rescission and rescissory damages, an accounting of defendants' alleged unlawful gains, fees and costs, and such other equitable relief this Court deems just and proper.

Plaintiff alleges, in his complaint, that Tekelec is a California corporation that provides core network solutions and, on November 7, 2011, Tekelec announced it had entered into an agreement whereby the Buyer defendants would purchase all outstanding shares of Tekelec for $11.00 per share, $780 million total.  Plaintiff alleges the Tekelec defendants breached their fiduciary duties by failing to disclose material facts in the proxy statement released in anticipation of the shareholders vote set to approve the acquisition on January 25, 2012.  Specifically, plaintiff alleges the proxy statement failed to disclose material facts regarding: (1) the sales process used by the Tekelec defendants in deciding to enter the transaction with the Buyer defendants, (2) Tekelec's financial forecasts used by Tekelec's financial advisor, Goldman Sachs, in preparing the fairness opinion, and (3) certain other data and inputs used by Goldman Sachs in preparing information included in the proxy statement.

On December 21, 2011, the Tekelec defendants filed the instant motion to stay state court discovery pursuant to the Securities Litigation Uniform Standards Act ("SLUSA"), 15 U.S.C. § 78u-4(b)(3)(D).  Doc. # 6.  On December 23, 2011, plaintiff Roy John Good ("the federal plaintiff") filed a notice of non-opposition to the Tekelec defendants' motion.  Doc. # 8.  On December 23, 2011, the Tekelec defendants filed an ex parte application for an expedited hearing on the motion to stay state court discovery.  Doc. # 10.  On December 27, 2011, plaintiff filed a notice of non-opposition to the ex parte application for an expedited hearing.  Doc. # 13.  Also on December 27, 2011, plaintiffs in <u>Friedberg et al.</u> v. Tekelec, et al., Case No. 37-2011-00100833-CU-BT-CT2 ("specially-appearing state court plaintiffs") filed a response in opposition to the Tekelec defendants' motion to stay state court discovery under SLUSA.  Doc. # 15.  On December 28, 2011, the Tekelec defendants filed a reply to the specially-appearing state

court plaintiffs' opposition. Doc. # 16.

## DISCUSSION

The Tekelec defendants seek an order staying discovery in three state court actions.[1]

**1.  Legal Standard**

The SLUSA allows a district court to "stay discovery proceedings in any private action in a State court, as necessary in aid of its jurisdiction, or to protect or effectuate its judgments, in an action subject to a stay of discovery ..." 15 U.S.C. § 78u-4(b)(3)(D). In determining whether to grant such a stay, the district court may consider "the risk of federal plaintiffs obtaining the state plaintiffs' discovery, the extent of factual and legal overlap between the state and federal actions and the burden of state-court discovery on defendants." In re Dot Hill Sys. Corp. Secs. Litig., 594 F.Supp.2d 1150, 1165 (S.D. Cal. 2008)). There are two general purposes behind the stay provisions of the SLUSA: (1) to prevent the imposition of any unreasonable burden on a defendant before disposition of a motion to dismiss; and (2) to avoid the situation where discovery at the state court level allows a federal plaintiff, who would not otherwise be able to meet the PSLRA's heightened pleading requirement, an opportunity to acquire information and resuscitate a complaint otherwise subject to dismissal. *See* In re Gilead Sciences Sec. Litig., 2004 WL 3712008 *2 (N.D.Cal.); In re DPL Inc. Sec. Litig., 247 F.Supp.2d 946, 947 (S.D. Ohio 2003).

**2.  Analysis**

The Tekelec defendants argue that all considerations weigh heavily in favor of granting a stay of discovery in the pending state court actions. *See* Doc. # 7. In opposition, the specially-appearing state court plaintiffs contend that (a) an exemption to the SLUSA's stay provision applies; (b) there is little risk the federal plaintiff might obtain discovery; (c) the claims in the federal and state cases do not overlap; and (d) the Tekelec

---

[1] The state court actions at bar are: Friedberg, *et al*. v. Tekelec, *et. al.*, No. 37-2011-00100833-CU-BT-CTL (Super. Ct. San Diego County, filed Nov. 8, 2011); Coyne v. Tekelec, *et al.*, No. 11CV017255 (Super. Ct. New Hanover County, N.C., filed Nov. 10, 2011); and Ferguson v. Tekelec, *et al*., No. 11CV017600 (Super. Ct. New Hanover County, N.C., filed Nov. 16, 2011).

defendants have not shown they would be burdened if required to respond to discovery requests in state court.

### a. Exemption to the SLUSA's Stay Provision

The specially-appearing state court plaintiffs contend that the "so-called 'Savings Clause' or 'Delaware Carve-Out'" exemption to the "SLUSA expressly excludes from its purview any shareholder action involving a communication concerning decisions of a company's shareholders with respect to voting their securities in response to an exchange offer where such claim is alleged to arise under the law of that company's state of incorporation." Doc. # 15 at 2 (citing 15 U.S.C. § 78bb(f)(3)(D), *inter alia*). According to the specially-appearing state court plaintiffs, the state action is such an action and, thus, fits the SLUSA's Delaware Carve-Out exemption to the SLUSA's stay provision.

The Tekelec defendants contend, in reply, that, even if the exemption applies here, the specially-appearing state court plaintiffs cannot benefit from it because the exemption concerns the issue of removability and does not create an exemption from the SLUSA discovery stay. Id. at 4.

This Court agrees with the Tekelec defendants. This Court finds that the Delaware Carve-Out exemption is not applicable to the instant case because the exemption is only applicable to a determination on the issue of removability which has no bearing here. Therefore, the specially-appearing state court plaintiffs' first argument against the imposition of a stay fails.

### b. Risk of Federal Plaintiff Obtaining Discovery

The specially-appearing state court plaintiffs contend that there is little risk the federal plaintiffs might obtain the state plaintiffs' discovery since no discovery requests have been made in any of the state court actions and a protective order has been agreed upon that will preclude access by the federal plaintiff to state court discovery absent consent by the defendants. Doc. # 15 at 10-14. The Tekelec defendants contend, in reply, that the protective order entered into in state court may, in fact, prevent the federal plaintiff from obtaining discovery but does not circumvent the real possibility that the

federal plaintiff could lift material from state court filings should the state court plaintiffs seek to amend their complaint or file a motion for preliminary injunction which might include discovery obtained from the Tekelec defendants. Id. at 5. The Tekelec defendants note that, in Dot Hill, in granting a stay of state court proceedings, the court "worried that, despite the existence of a protective order, 'some form of discovery ... will reach Plaintiffs before this Court has decided [the] dismissal motion' such as through public filings." Id. (quoting Dot Hill, 594 F.Supp.2d at 1167).

This Court is persuaded by the Tekelec defendants' arguments. Although the protective order entered into here may prevent the federal plaintiff from obtaining the discovery subject thereto, there is no guarantee that the federal plaintiff might be able to obtain discovery through public channels, such as through motion practice in state court, thereby circumventing the SLUSA's stay provisions. *See* Moomjy v. HQ Sustainable Maritime Indus., Inc., 2011 WL 4048792 *2 (W.D. Wash. Sept. 12, 2011)("Although the state court plaintiffs insist they would agree to a protective order, that promise is not dispositive and would have little effect if information is publicly revealed."). Thus, this Court finds this consideration weighs slightly in favor of granting a stay.

    **c.**    **Overlap of Federal and State Claims**

The specially-appearing state court plaintiffs contend that the issues in the federal and state cases do not overlap, noting that the state cases involve only equitable claims for relief based solely on California state law and contain no claims for securities fraud. *See* Doc. # 15 at 13. However, as the Tekelec defendants explained in their moving papers, claims regarding breach of fiduciary duty under state law are subject to the Private Securities Litigation Act ("PSLRA") and the SLUSA. Doc. # 6-1 at 4 (citing SG Cowen Secs. Corp. v. U.S. Dist. Ct. for N. Dist. of Calif., 189 F.3d 909, 913 n.1 (9th Cir. 1999)(rejecting argument that assertion of state claims permits discovery under the PSLRA). Both parties agree that the federal case contains nearly identical factual allegations as those contained in one of the state cases. *See* Doc. # 6-1 at 4; Doc. # 15 at 11-12. Therefore, this Court finds the federal and state cases overlap sufficiently,

rendering this consideration weighing in favor of a stay.

### d.    Burden on Defendants

The Tekelec defendants contend that they would be unduly burdened if required to respond to discovery in state court. *See* Doc. # 6-1 at 5. The Tekelec defendants point out that, should no stay be implemented, judicial resources would be wasted since "'[d]iscovery proceedings in both the federal and state courts promise to be rife with disputes and litigating them in both the state and federal courts would be burdensome and inefficient.'" Id. (quoting In re Cardinal Health, Inc., 365 F.Supp.2d 866, 875 (S.D.Ohio 2005)). The specially-appearing state court plaintiffs contend that these argument s have already been presented and rejected by the state court judge in an order issued on December 22, 2011, in which discovery was limited in scope. Doc. # 15 at 15.

In reply, the Tekelec defendants claim that the state court judge did not address the arguments presented in this motion as the specially-appearing state court plaintiffs assert. Doc. # 16 at 2. The Tekelec defendants claim the state court judge declined to address any arguments concerning an SLUSA stay and indicated specifically that he "'fully expect[ed] the Defendants will go to federal court and seek to enjoin me,'" adding that "'if I was sitting in [Defendants'] chair, that's what I would do.'" Id. at 3 (quoting Doc. # 16, Exh. A (Excerpts of State Court Transcript of December 22, 2011 Hearing) at 39).

This Court is mindful that the state court limited discovery in order to alleviate some of the Tekelec defendants' burden. However, the limited discovery order does not address the possibility of wasted judicial resources or inefficiency in litigating discovery disputes in both forums with different discovery rules. This Court, therefore, finds this consideration also weighs in favor of staying discovery in state court.

//
//
//
//
//

## CONCLUSION AND ORDER

After a thorough consideration of the arguments presented and relevant exhibits submitted by the specially-appearing state court plaintiffs and the Tekelec defendants, this Court finds a stay of discovery in the state court proceedings pursuant to the SLUSA is warranted here. Accordingly, IT IS HEREBY ORDERED that:

1. The Tekelec defendants' motion to stay state court discovery [doc. #6], is **GRANTED**;

2. Discovery in the following state court cases is **STAYED** during the pendency of the motions to dismiss that defendants intend to file:

    a. Friedberg, et al. v. Tekelec, et. al., Case No. 37-2011-00100833-CU-BT-CTL (Super. Ct. San Diego County, filed Nov. 8, 2011);

    b. Coyne v. Tekelec, et al., Case No. 11CV017255 (Super. Ct. New Hanover County, N.C., filed Nov. 10, 2011);

    c. Ferguson v. Tekelec, et al., Case No. 11CV017600 (Super. Ct. New Hanover County, N.C., filed Nov. 16, 2011);

3. The Tekelec defendants' ex parte application for an expedited hearing [doc. # 10] is **DENIED** as moot.

Dated: December 29, 2011

JOHN A. HOUSTON
United States District Judge